IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KEMUEL LINDSEY, TDCJ No. 01559766, § § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. 7:16-cv-00148-M-BP |
| ADRAIN MARTIN, § § § | |
| Defendant. § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kemuel Lindsey, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, filed the instant civil rights complaint. ECF No. 1. This case was referred to the undersigned pursuant to Special Order No. 3-251 on December 13, 2016. After consideration of the pleading and the applicable law, the undersigned RECOMMENDS that Chief Judge Lynn DISMISS the Complaint (ECF No. 1) for want of prosecution without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

By Order entered on December 15, 2016, the Court issued a notice of deficiency and order to Plaintiff, notifying him that he had failed to pay the $400.00 filing fee or submit a motion for leave to proceed *in forma pauperis*. ECF No. 4. The Court directed Plaintiff to cure the deficiency by January 4, 2017, and warned Plaintiff that failure to do so might result in dismissal of the complaint without further notice. *Id.* The Court further ordered Plaintiff to file his complaint on the Court's prisoner civil rights form as required under Miscellaneous Order No. 14 of the Northern District of Texas. *Id.* Plaintiff has not responded to or complied with the Court's Order.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has been given ample opportunity to pay the filing fee or submit a motion for leave to proceed *in forma pauperis* and submit his Complaint on the requisite prisoner civil rights form. Although Plaintiff has failed to comply with the Court's Order requiring him to do so, subjecting his Complaint to dismissal under Rule 41(b), dismissal with prejudice is not here warranted. Because Plaintiff has failed to comply with the Court's Order, the undersigned RECOMMENDS that the Complaint (ECF No. 1) be DISMISSED for want of prosecution without prejudice.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a

copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed January 13, 2017.

                                            _____
                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE